UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIAN MIRANDA,<br><br>              Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security<br><br>              Defendant. | 1:12-cv-1864 GSA<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

**BACKGROUND**

Plaintiff Avian Miranda ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his applications for disability insurance benefits and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act.[1]  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedures, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this action.

1

Magistrate Judge.[2]

## FACTS AND PRIOR PROCEEDINGS[3]

In 2009, Plaintiff filed applications for disability insurance benefits and supplemental security income payments, alleging disability beginning November 13, 2008. AR 175-187. Plaintiff's applications were denied initially and on reconsideration. AR 111-114; 118-124. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 15-16; 126-129. ALJ James Berry held a hearing on April 26, 2011(AR 35-64), and issued an order denying benefits on May 6, 2011. AR 18-34. Shortly after the hearing on July 12, 2011, Plaintiff submitted additional medical evidence to Appeals Council. On September 10, 2012, the Appeals Council denied review, rendering that the final decision of the Commissioner. AR 1-6. Plaintiff sought judicial review by commencing the instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**1.      Hearing Testimony**

During the hearing, Plaintiff was represented by counsel. Plaintiff and Vocational Expert ("VE") Ms. Judith Najarian both testified. AR 37-64.

**(a)     *Plaintiff's Testimony***

Plaintiff was forty-five years old at the time of the hearing. He completed the ninth grade. He lives with his wife and two children. AR 38.

Plaintiff has held several temporary jobs since 1996. He worked in a wrecking yard as a parts dismantler and parts locator. AR 42. He has also worked as an assembly line worker at business called ADK that manufactured fire hydrants, as well as in the Sanitation Department for the City of Clovis. AR 43. He had a permanent position from 2004 to 2006, when he worked at Prudential Overall Supplies. AR 43. At this position, he was responsible for unloading trucks and

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 9 & 10).
[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

supervising other workers. AR 43.

He most recently worked as a machine operator at Julian's Farms. However, he stopped working there in November 2008, after he injured his back while moving boxes on a pallet that had been mislabeled. AR 40. After this injury, Plaintiff attempted to go back to work on light duty while taking Vicodin, however, he only lasted one day. AR 48. Currently, Plaintiff is unable to sleep throughout the night due to constant pain. AR 46. He spends most of his day lying down because he his right leg freezes up and stops working. AR 45-47. He is unable to lift his 18-pound, two year old son; perform yard work; go out of the house; play football with his other son; or go to church. AR 44; 51-52.

Plaintiff also has tingling on his left hand from his fingertips to his shoulder due to a prior work-related injury to his upper neck that he sustained while working at ADK. AR 45. In addition, he suffers from numbness in his lower extremities, more in his left leg. AR 45. As a result of these injuries, Plaintiff is unable to bend over and is only able to lift five pounds. AR 48. He can only stand for five minutes at a time, and for no more than ten to twenty minutes in an eight-hour workday. AR 47-48. He also has difficulty stooping, crawling, or crouching. He is unable to walk up stairs or climb ladders, and has trouble concentrating. AR 44-45. Plaintiff takes pain medications including Oxycodone which provides some relief, however, he rates his pain as 9.5 out of 10 in severity without medications, and 6.5 out of 10 after taking his medication. AR 52, 54.

**(b)** ***VE Judith Najarian's Testimony***

VE Najaian described Plaintiff's past relevant work as assembler/production of fire hydrants as heavy and unskilled, level two; his work as parts dismantler/parts picker in the wrecking yard as medium, level two; his work as a machine operator as medium, level two; and his work as loader/unloader at Prudential Overall Supplies as heavy unskilled level two. AR 56-

3

60.

The ALJ asked the VE to assume a hypothetical person of the same age, education, and work background as the Plaintiff, with the ability to lift and carry twenty pounds occasionally and ten pounds frequently; who can stand, walk, and sit for six hours; and who can occasionally climb, balance, stoop, kneel, crouch, and crawl. AR 60. The VE indicated that such an individual could not perform Plaintiff's past relevant work. AR 60. However, this person could work as a price marker, a mail sorter/mail clerk, and a routing clerk. AR 60-61.

In a second hypothetical question posed by the ALJ, the VE was asked to consider the same hypothetical individual, who can lift and carry twenty pounds occasionally and ten pounds frequently; can stand and walk for two hours; can sit for six hours but needs to change positions; and can occasionally balance, stoop, climb, kneel, crouch, and crawl. However, this person must avoid concentrated exposure to extreme temperatures, humidity, wetness, noise, and vibration. AR 61. The VE indicated that this individual could not perform Plaintiff's past work, but could still perform sedentary jobs and work as an order clerk, an assembler, and a telephone clerk. AR 62.

In the third hypothetical question posed by the ALJ, the VE was asked to consider the same individual in hypothetical two, who could lift and carry less than five pounds; who has difficulty gripping and grasping bilaterally; who can stand and sit for less than two hours; and who has difficulty maintaining attention and concentration. AR 63. The VE testified that such an individual could not perform any work. AR 62-63.

### 2. **Medical Record**

The entire medical record was reviewed by the Court. AR 272 -467. The Court will discuss the relevant portions of the medical record as needed in the following discussion.

///

### 3. **The Disability Determination Standard and Process**

To qualify for benefits under the Social Security Act, Plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established "a sequential five-step process" for evaluating a claimant's alleged disability. 20 C.F.R. § 404.1520(a) (f); *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). At step one, the Commissioner determines whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe"[4] impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, the claimant is not disabled and the claim must be denied. 20 C.F.R. § C.F.R. § 404.1520(a)(4)(ii). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at

---

[4] Severe means that the impairment limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c).

20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC") to perform her past work; if so, the claimant is not disabled and the claim must be denied. 20 C.F.R. § 404.1520(a)(4)(iv). The claimant has the burden of proving that he or she is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets that burden, a prima facie case of disability is established. *Id*. In that event, or if the claimant has no past relevant work, the Commissioner then, in the fifth and final step of the sequential analysis, bears the burden of establishing that the claimant is not disabled because she can perform other substantial, gainful work available in the national economy. 20 C.F.R. § 404.120(a)(4)(v); *Lester*, 81 F.3d at 828 n. 5; *Drouin*, 966 F.2d at 1257.

**4.      Summary of the ALJ's Findings and Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 21-29. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 6, 2008. AR 23. Further, the ALJ identified cervical degenerative disc disease and radiculopathy; as well as lumbar degenerative disc disease as severe impairments. AR 21. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 24.

Based on a review of the entire record, the ALJ determined that Plaintiff has the RFC to lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk two hours and sit six hours with an option to change positions; can occasionally balance, climb, stoop, kneel, crouch, and crawl; and he should avoid concentrated exposure to extreme temperatures,

humidity, wetness, noise and vibration. AR 24.  The ALJ determined that Plaintiff was unable to perform his past relevant work. AR 27-28. However, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy, such as order clerk, assembly worker, and telephone clerk. AR 28.  Accordingly, the ALJ found that Plaintiff was not disabled.

### 5. The Appeals Council's Decision

On July 12, 2011, the Appeals Council denied Plaintiff's request for review.  AR 1.  The Appeals Council stated that it had considered Plaintiff's arguments with respect to the ALJ's decision, as well as the new evidence subsequently submitted directly to the Appeals Council. AR 1. The Appeals Council "found that this information [did] not provide a basis for changing the Administrative Law Judge's decision."   AR 2.  The new evidence considered by the Appeals Council consisted of the following:

(1)     A RFC questionnaire dated June 29, 2011 from Plaintiff's treating physician Dr. John Edwards, M.D.[5]; and

(2)     Medical records from Fresno Imaging Center dated January 4, 2012, May 13, 2011, and June 9, 2011. AR 459-461.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a

---

[5] The parties agree that although the doctor's report is dated June 29, 2010, the true date of the report is June 29, 2011.  AR 466.

conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## DISCUSSION[6]

Here, Plaintiff argues that Dr. Edwards's medical opinion dated June 29, 2011, that was provided to the Appeals Council after the ALJ's decision of non-disability on May 6, 2011, constitutes new and material evidence establishing disability. In the alternative, Plaintiff argues that the ALJ's credibility findings are invalid.

*A.     The New Evidence Before the Appeals Council*

In *Brewes v. Commissioner*, 682 F.3d 1157 (9th Cir. 2012), the Ninth Circuit considered the question of whether evidence submitted for the first time to the Appeals Council must be considered by the district court on appeal:

> We are persuaded that the administrative record includes evidence submitted to and considered by the Appeals Council. The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision. See 20 C.F.R. ' 404.970(b ). Claimants need not show "good cause" before submitting new evidence to the Appeals Council. *See id.; see also O'Dell,* 44 F.3d at 858. The Council will grant the request for review "if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. ' 404.970(b) (emphasis added). "Because the regulations require the Appeals Council to review the new evidence, this new evidence must be treated as part of the administrative record." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir.1996).
> *Brewes*, 682 F.3d at 1162.

The Court concluded, "[w]e hold that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's

---

[6] The Court has carefully reviewed and considered all of the briefs, including the arguments, points and authorities, and exhibits. Any omission of reference to a specific argument or brief is not to be construed that the Court did not consider the argument or brief.

final decision for substantial evidence." *Id*. at 1163. In specifically rejecting Defendant's argument to the contrary, the Court explained:

> First, we do not agree with the Commissioner's contention that Brewes must show that the letter meets § 405(g)'s materiality standard. Section 405(g) materiality is not at issue here because that standard applies only to new evidence that is not part of the administrative record and is presented in the first instance to the district court. See 42 U.S.C. § 405(g) ("The [district] court may ... at any time order additional evidence to be taken before the Commissioner, . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."). As discussed above, evidence submitted to and considered by the Appeals Council is not new but rather is part of the administrative record properly before the district court. Here, the Appeals Council accepted Brewes' proffered new evidence and made it part of the record, apparently concluding that it was material within the meaning of 20 C.F.R. § 404.970(b). The Commissioner does not contend that the Council erred by considering this additional evidence.

*Id*. at 1164.

Here, the RFC questionnaire dated June 29, 2011 from Plaintiff's treating physician Dr. John Edwards, M.D., and the medical records from Fresno Imaging Center, were considered by the Appeals Council.[7] AR 459-447. All documents were made a part of the administrative record. AR 4-5. Accordingly, this Court will consider this evidence in its review of this administrative record. *Id.* at 1163.

**B.     *The Commissioner's Decision is Based on Substantial Evidence***

In this case, the ALJ gave significant weight to the RFC form Dr. Edwards completed in February 2011. AR 27, 423-430. At that time, Dr. Edwards assessed that Mr. Miranda retained the ability to lift and carry twenty pounds occasionally and ten pounds frequently, and stand

---

[7] The Commissioner argues that because Plaintiff limited her arguments in the opening brief only to Dr. Edward's medical opinion, she has waived arguments related to the other documents. (Doc. 19, pg. 13, n. 5). However, because Dr. Edward's report and the medical records are related for purposes of this issue in the case, the Court finds that Plaintiff did not waive arguments with respect to the documents from Fresno Imaging Center. (Doc. 20, pgs 4-5).

and/or walk at least two hours in an eight-hour workday.  AR 424. Dr. Edwards also assessed that Mr. Miranda must periodically alternate sitting and standing to relieve pain or discomfort; and that Mr. Miranda could occasionally climb, balance, stoop, kneel, crouch, and crawl, and must avoid concentrated exposure to extreme temperatures, humidity, wetness, noise, vibration, breathing irritants, and hazards. AR 424-427.  The ALJ adopted these limitations except for the asthma precautions or cautions against hazards for lack of support.  AR 27.

In the new evidence presented to the Appeals Council, Dr. Edwards completed another RFC questionnaire on June 29, 2011. AR 461-466.   In this RFC, Dr. Edwards reported constant pain and positive leg raising. AR 462. The doctor also opined that Mr. Miranda retained the ability to lift and carry twenty pounds occasionally, could stand or walk *for less than* two hours in an eight hour workday (rather than stand and/or walk *at least* two hours in an eight hour day), and that he could sit for less than two hours. AR 464.   The doctor also noted that Plaintiff's pain was severe enough to interfere with his attention and concentration (AR 463), and that he would need to take unscheduled breaks in an eight-hour day. AR 464.

Plaintiff argues that Dr. Edward's second RFC report merely clarifies Mr. Miranda's sitting restrictions left blank in the February 2011 opinion.  He contends that since the ALJ afforded Dr. Edward's February 2011 opinion the most weight in the May 6, 2011 order, the new evidence renders Mr. Miranda disabled.  (Doc. 16, pgs. 11-12).  The Court disagrees.

As a preliminary matter, the Court is not persuaded by Plaintiff's argument that this case should be remanded to the ALJ so that he may consider the new evidence because he did not have an opportunity to do so prior to issuing his order.  In this instance, the Appeals Council has already considered the evidence and found that the information does not provide a basis for changing the ALJ's decision.  AR 2.  The Appeals Council is not required to provide a "detailed rationale" or make any particularized evidentiary showing as to why it rejected a post hearing

opinion. *See Taylor v. Comm. of Soc. Sec. Admin.*, 659 F. 3d 1228, 1233 (9th Cir. 2011); *Warner v. Astrue*, 859 F. Supp. 2d 1107, 1115 (C.D. Cal. 2012) (under Taylor, the Appeals Council is excused from offering any explanation for rejecting post-hearing treating source opinions); *accord Crater v. Astrue*, 2012 WL 3106625, *5 (C.D. Cal. July 30, 2012). The issue before this Court, therefore, is whether the Commissioner's determination that Plaintiff is not disabled is supported by substantial evidence in light of the post-hearing medical reports. A review of the record reveals that that Appeals Council did not commit error.

First, contrary to Plaintiff's assertions, Dr. Edward's second RFC does more than clarify the first opinion; it imposes greater restrictions. In particular, it reduces the amount of time Plaintiff can stand and walk from at least two hours in an eight-hour day to less than two hours in an eight-hour day. SAR 424, 464. Additionally, initially Dr. Edwards indicated that Plaintiff must periodically alternate sitting and standing to relieve back pain, but the doctor later indicated that Plaintiff could sit less than two hours in an eight-hour day. AR 424, 464. Had Dr. Edwards intended to impose these more limited restrictions in the initial assessment, he could have checked boxes for "sit less than about six hours in an eight-hour day" and "stand and/or walk less than two hours in an eight-hour workday." AR 424. He did not do so.

Further, although Dr. Edward's June 2011 opinion states that the symptoms and limitations in the questionnaire applies as early as 2009 (AR 466), he provides no explanation regarding the conflict between his February 2011 RFC (466) and the June 2011 opinion, nor does he explain the basis for the newly imposed limitations. AR 422-430. Although Plaintiff correctly notes that there was a new MRI completed in June 2011 prior to Dr. Edward's later opinion (AR 459-460), the doctor makes no reference to the June 2011 MRI, making it unclear whether this was the reason for the additional limitations. To the contrary, his opinion lacks any reference to specific evidence or clinical findings in support of his conclusions, and, in fact, fails to identify

11

what his conclusions are based on.  Therefore, the Appeals Council appropriately concluded the ALJ's decision should not be altered.  *See Rollins v. Massanari,* 261 F. 3d 853, 856 (9th Cir. 2001) (ALJ properly rejected treating physician's opinion of disability based on fibromyalgia as it conflicted with his earlier opinion of non-disability); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected doctors' evaluations because they were check off reports that did not contain any explanation regarding the bases of the doctors' conclusions).  The Commissioner "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d 947, 957 (9th Cir. 2002); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)  (noting that the Commissioner "may discredit treating physicians'opinions that are conclusory, brief, and unsupported by the record as a whole").  In light of the above and given the record as a whole, the Commissioner did not err in discounting the new medical evidence submitted to the Appeals Council.  The ALJ's decision was based on Dr. Edward's initial opinion and is therefore supported by substantial evidence.

C.     **The ALJ's Credibility Determination was Proper**

A two step analysis applies at the administrative level when considering a claimant's credibility.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged.  *Id.* at 1281-82.  If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings and provides clear and convincing reasons for doing so.  *Id.* at 1281.  The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why

Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence."); SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.").

An ALJ can consider many factors when assessing the claimant's credibility. *See Light v. Soc. Sec'y Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ can consider the claimant's reputation for truthfulness, prior inconsistent statements concerning his symptoms, other testimony by the claimant that appears less than candid, unexplained or inadequately explained failure to seek treatment, a failure to follow a prescribed course of treatment, the claimant's daily activities, the claimant's work record, or the observations of treating and examining physicians. *Smolen*, 80 F.3d at 1284; *Orn v. Astrue*, 495 F.3d 625, 638 (2007). "An ALJ is not 'required to believe every allegation of disabling pain' or other non-exertional impairment." *Orn*, 495 F.3d at 635. (citation omitted).

The first step in assessing Plaintiff's subjective complaints is to determine whether Plaintiff's condition could reasonably be expected to produce the pain or other symptoms alleged. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Here, the ALJ found that Plaintiff had the severe impairments of cervical degenerative disc disease and radiculopathy as well as lumbar degenerative disc disease. AR 23. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's statements concerning "the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 25. This finding satisfied step one of the credibility analysis. *Smolen*, 80 F.3d at 1281-82.

Because the ALJ did not find that Plaintiff was malingering, he was required to provide

clear and convincing reasons for rejecting Plaintiff's testimony. *Smolen*, 80 F.3d at 1283-84; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (as amended). When there is evidence of an underlying medical impairment, the ALJ may not discredit the claimant's testimony regarding the severity of his symptoms solely because they are unsupported by medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); SSR 96-7. Moreover, it is not sufficient for the ALJ to make general findings; he must state which testimony is not credible and what evidence in the record leads to that conclusion. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell*, 947 F.2d at 345-46.

Here, ALJ Berry found that Plaintiff exaggerated his symptoms and that he made inconsistent statements with regard to the efficacy of his medications. AR 25. With regard to the exaggeration of symptoms, the ALJ points out a legitimate discrepancy between Mr. Miranda's statements. At the hearing, Plaintiff testified that he can lift no more than five pounds. However, in a previous questionnaire, he stated that he could lift nothing. AR 48, 237. Although Plaintiff argues the ALJ construed Plaintiff's statements too literally, the Court disagrees. Contractions between complaints on an activity questionnaire and hearing testimony is a basis for an adverse credibility finding. *Berry v. Astrue*, 622 F. 3d 1228, 1234 (9th Cir. 2010). Moreover, an ALJ may consider inconsistencies in testimony and an exaggeration of symptoms when weighing credibility. *Orn,* 495 F.3d at 636; *Bickell v. Astrue*, 343 Fed.Appx. 275 (9th Cir. 2009) ("[i]nconsistencies and a tendency to exaggerate provide a valid basis for discrediting the testimony of a claimant").

As the ALJ noted, Plaintiff's statements regarding his symptoms are not supported by the objective medical evidence in the record. AR 25-27. Contrary to Plaintiff's assertions that he can only lift five pounds or less, Dr. Edwards in both of his assessments opined that Plaintiff is able to lift twenty pounds occasionally. AR 27, 424, 465. Therefore, the ALJ's gave clear and

convincing reasons for rejecting Plaintiff's testimony and the credibility determination is supported by the substantial evidence.

It is not the role of the Court to redetermine Plaintiff's credibility *de novo*. Although evidence supporting an ALJ's conclusions might also permit an interpretation more favorable to the claimant, if the ALJ's interpretation of evidence was rational, as here, the Court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhardt*, 400 F.3d 676, 680-81 (9th Cir. 2005)*; Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

The Court notes that the ALJ findings regarding Plaintiff's statements about the efficacy of his prescriptions are not supported by the record. However, this error is harmless as the other reasons the ALJ offered are proper and are supported by substantial evidence. *See Carmickle,* 533 F.3d at 1162 (*citing Batson v. Comm. of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ["So long as there remains "substantial evidence supporting the ALJ's conclusions on . . . credibility" and the error "does not negate the validity of the ALJ's ultimate conclusion" such is deemed harmless and does not warrant reversal"]). Similarly, the Court notes that the Commissioner's briefs contains several reasons undermining Plaintiff's credibility that were not articulated by the ALJ. These post hoc rationalizations are not proper and were not considered by the Court. A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (*citing Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)).

Notwithstanding the above, the ALJ clearly identified what testimony he found not credible and what evidence undermined Plaintiff's complaints. *Lester*, 81 F.3d at 834. If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959. Accordingly, because the ALJ did not arbitrarily discredit

Plaintiff's testimony, his findings are supported by substantial evidence and are free of legal error.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Carolyn W. Colvin, Commissioner of Social Security and against Plaintiff Avian Miranda.

IT IS SO ORDERED.

Dated:   **March 3, 2014**                            **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE